**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

**DANIEL SMITH**                                                                                  **PETITIONER**
**ADC #140206**

**VS.**                            **NO. 5:08-CV-00288-SWW-BD**

**LARRY NORRIS, Director,**
**Arkansas Department of Correction**                                      **RESPONDENT**

**RECOMMENDED DISPOSITION**

**I**.     **Procedure for Filing Objections**

The following recommended disposition has been sent to United States District Judge Susan Webber Wright. Any party may file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date you receive the Recommended Disposition. A copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

Mail your objections and "Statement of Necessity" to:

    Clerk, United States District Court
    Eastern District of Arkansas
    600 West Capitol Avenue, Suite A149
    Little Rock, AR 72201-3325

## II.     Background

On October 22, 2007, Petitioner Daniel Smith pleaded guilty to first degree murder and was sentenced to life in prison in the Arkansas Department of Correction ("ADC"). (Docket entry #13)  Following entry of the Judgment, Petitioner did not seek post-conviction relief with the trial court under Arkansas Rule of Criminal Procedure 37.

Petitioner filed this § 2254 petition for writ of habeas corpus claiming he is incarcerated in violation of his Fifth, Sixth, and Fourteenth Amendment rights guaranteed in the Constitution of the United States.  (#1 at pp. 5-8)  Specifically, Petitioner claims his Fifth Amendment rights were violated because his interrogation continued after he had requested an attorney and the presence of a parent or guardian.  (#1 at p. 8)

Petitioner also claims ineffective assistance of counsel because his attorney: (1) did not file a motion to suppress his illegally obtained confession; (2) failed to reveal the existence of a plea offer; (3) failed to investigate his case; and (4) failed to perfect an appeal after his conviction.  (#1 at p. 5)  Finally, Petitioner claims his due process rights were violated when his attorney failed to advise him of a written plea offer.  (#1 at p. 6)

In his response to the petition (#16-2), Director Norris argues the Petitioner's claims are procedurally barred.  (#16-2 at pp. 2-3)  Petitioner has not replied to the response.  For the reasons set forth below, the Court recommends that the District Court dismiss the petition with prejudice.

**III.     Procedural Default**

Before seeking federal habeas review, a state prisoner must first fairly present the substance of each claim to each appropriate state court, thereby alerting those courts to the federal nature of his claims and giving those courts an opportunity to pass upon and correct any constitutional errors. *Baldwin v. Reese*, 541 U.S. 27, 29, 124 S.Ct. 1347 (2004); see also 28 U.S.C. § 2254(b) and (c). "[A] federal habeas petitioner's claims must rely on the same factual and legal bases relied on in state court." *Interiano v. Dormire*, 471 F.3d 854, 856 (8th Cir. 2006) (citing *Winfield v. Roper*, 460 F.3d 1026, 1034 (8th Cir. 2006) and *Osborne v. Purkett*, 411 F.3d 911, 919 (8th Cir. 2005)).

Claims in a federal habeas petition not presented in the state court proceedings and for which there is no remaining state court remedy are defaulted, and a habeas petitioner's default will be excused only if he can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S.Ct. 2546, 2565 (1991). If no cause has been shown, the prejudice element need not be addressed. *McCleskey v. Zant*, 499 U.S. 467, 502, 111 S.Ct. 1454, 1474 (1991).

In this case, Petitioner pleaded guilty to the charges that led to his sentence. Accordingly, he could not file a direct appeal of his conviction. See ARK. R. APP. P. CRIM. 1(a). Additionally, Petitioner never attempted to bring a Rule 37 petition before the

trial court. (#9 at p. 1)  Consequently, all of the claims Petitioner raises are procedurally defaulted unless he can establish "cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750, 111 S.Ct. at 2565.

      A.    *Cause and Prejudice*

In his Petition, Mr. Smith claims his default was caused by his attorney's failure to file an appeal on his behalf after he requested that she do so.  This does not constitute cause.  Rather, cause is established when "some objective factor external to the defense impede[s] . . . efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639 (1986).

In proceedings in which the Sixth Amendment requires legal representation, ineffective assistance of counsel can be cause for a procedural default. *Murray*, 477 U.S. at 488.  An Arkansas defendant would be entitled to assistance of counsel on a direct appeal of his conviction.  In this case, however, Petitioner waived his right to a direct appeal when he pleaded guilty.

Petitioner is not constitutionally entitled to effective assistance of counsel in state post-conviction proceedings.  See *Coleman*, 501 U.S. at 752.  Consequently, any post-conviction advice Petitioner received from his attorney or actions taken or not taken by his attorney cannot constitute cause for a procedural default.  See *Nolan v. Armontrout*,

4

973 F.2d 615, 616-17 (8th Cir. 1992); *Lamp v. State of Iowa*, 122 F.3d 1100, 1105 (8th Cir. 1997).

Further, "a claim of ineffective assistance must be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default." *Wyldes v. Hundley*, 69 F.3d 247, 253 (8th Cir. 1995), cert. denied, 517 U.S 1172, 116 S.Ct. 1578 (1996) (quotation omitted). In this case, Petitioner did not file a Rule 37 petition with the trial court alleging ineffective assistance of counsel. Accordingly, ineffective assistance of counsel cannot be cause for Petitioner's procedural default.

    B.    *Miscarriage of Justice*

Petitioner also may overcome procedural default by showing that failure to hear his petition would result in a miscarriage of justice. To establish a miscarriage of justice, a petitioner must show that, based on new evidence, a constitutional violation has resulted in the conviction of someone who is actually innocent. *Cagel v. Norris*, 474 F.3d 1090, 1099 (8th Cir. 2007) (quoting *Schlup v. Delo*, 513 U.S. 298, 316, 115 S.Ct. 851 (1995)). Petitioner has not come forward with any new evidence of actual innocence in order to overcome the procedural default. Thus, his petition should be denied.

### IV.    Conclusion

The Court recommends that the District Court dismiss with prejudice Petitioner's petition for writ of habeas corpus (#1).

DATED this 8th day of October, 2009.

```
                    _____
                    UNITED STATES MAGISTRATE JUDGE
```